IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| SHENZHEN LUOMAN TECHNOLOGY CO., LTD, | § | |
| Plaintiff, | § | |
| v. | § | 1:26-CV-1848-RP |
| THE CORPORATIONS, PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A, | § | |
| Defendants. | § | |

**ORDER**

Before the Court is Plaintiff Shenzhen Luoman Technology Co., Ltd's ("Plaintiff") Motion for an Ex Parte Temporary Restraining Order ("TRO"), (Sealed Dkt. 7), and Plaintiff's Motion for Alternative Service of Process, (Dkt. 6). Plaintiff requests that this Court restrain a list of fifteen Defendants, (Schedule A, Sealed Dkt. 1-1), from infringing its patent. (TRO Mot. Memo., Sealed Dkt. 7-2, at 9). Because Plaintiff fails to adequately address why fifteen Defendants should be joined together in a single TRO, the Court will deny Plaintiff's TRO Motion. The Court will grant Plaintiff's Motion for Alternative Service of Process, (Dkt. 6).

**A. TRO Motion**

A TRO is "a highly accelerated and temporary form of preliminary injunctive relief, which may be granted without notice to the opposing party or parties." *Cotton v. Tex. Express Pipeline, LLC*, 2017 WL 2999430, at *1 (W.D. Tex. Jan. 10, 2017). The party moving for a TRO must establish that: "(1) there is a substantial likelihood that the movant will prevail on the merits; (2) there is a substantial threat that irreparable harm will result if the injunction is not granted; (3) the threatened injury outweighs the threatened harm to the defendant; and (4) the granting of the [TRO] will not disserve the public interest." *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987). "A [TRO] is an

extraordinary remedy and should only be granted if the plaintiffs have clearly carried the burden of persuasion on all four requirements." *Nichols v. Alcatel USA, Inc.*, 532 F.3d 364, 372 (5th Cir. 2008) (citation and quotation marks omitted). It is the burden of the party seeking the TRO to establish each of the four elements. *Miss. Power & Light Co. v. United Gas Pipeline*, 760 F.2d 618, 621

Because a TRO is extraordinary relief, and Plaintiff requests that the Court enjoin fifteen Defendants in a single TRO, the Court will require Plaintiff to show why joining these Defendants into a single TRO would be appropriate. Under Federal Rule of Civil Procedure 20, defendants may "be joined in one action" if "any right to relief is asserted to them . . . with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences." Plaintiff argues that Defendants "use substantially identical product images and listings" to sell products which "share the same distinctive configuration, proportions, and ornamental features as Plaintiff's patented design." (TRO Mot. Memo., Sealed Dkt. 7-2, at 3 (citing Ouyang Decl., Dkt. 7-3, at 2)). Further, Plaintiff alleges that this pattern is "consistent with coordinated efforts to distribute the same infringing product through multiple aliases to evade detection and enforcement." (*Id.*). However, Plaintiff does not explain in detail what those unique identifiers are that would establish that the Defendants are working together in the same series of transactions. Moreover, as this Court has previously noted, it is "unsurprising" that in cases alleging trademark and copyright infringement "products made by Defendants look similar to each other—i.e., look similar to [the plaintiff's] intellectual property." *ConcernedApe LLC v. P'ships & Unincorporated Assocs. Identified on Schedule A*, 811 F. Supp. 3d 807, 812 (W.D. Tex. 2025).

The Court also notes that the exhibits Plaintiff filed, (*see* Sealed Dkt. 7-6), reveal that the allegedly infringing products in fact have a variety of price points, names, and seller names, such that the Court cannot presume the Defendants are acting in concert based on any attributes from its own review of the exhibits. Plaintiff's Complaint likewise does not clarify the commonalities between Defendants that give rise to the assumption that they are working together. (Compl., Sealed Dkt. 1,

at 6–8). As such, Plaintiff fails to show that joinder is appropriate and the Court finds that Plaintiff's TRO Motion, (Sealed Dkt. 7), must be denied.

In Plaintiff's TRO Motion, Plaintiff also argues that it is entitled to expedited discovery. (TRO Mot. Memo, Sealed Dkt. 7-2, at 10–12). Federal Rule of Civil Procedure 26(d) allows for discovery before the parties have conferred when authorized by a court order. Rule 26(d)(1) explicitly permits a party to seek discovery from any source before the parties have conferred, when authorized by a court order. Fed. R. Civ. P. 26(d)(1). "The Fifth Circuit has not determined the standard governing district courts' consideration of expedited discovery requests. However, most district courts have settled on a 'good cause' rule. Good cause exists where, considering the totality of the circumstances, the need for expedited discovery outweighs the prejudice to the responding party. The burden is on the moving party to show good cause. Courts often consider:

> (1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made."

*Hunter Killer Prods., Inc. v. Boylan*, No. EP-20-CV-00306-FM, 2021 WL 2878558, at *2 (W.D. Tex. Jan. 28, 2021) (citations omitted). Where defendants have unknown identities, "[p]laintiffs should be afforded an opportunity through discovery to identify [them]." *Weems v. Stroman*, 694 F. App'x 272, 273 (5th Cir. 2017).

The Court finds that Plaintiff has not properly moved for expedited discovery because Plaintiff has not adequately attempted to show good cause. If Plaintiff seeks to obtain an order of the Court granting expedited discovery, Plaintiff must file a motion for such with the Court; meet its burden to show good cause for expedited discovery; and include a proposed order, as required by the Local Rules. The Court also notes that it is inclined to permit Plaintiff to conduct expedited discovery on Defendants' sales and listing histories *only as to* the sales and listings that relate to Plaintiff's infringement contentions—not as to all of Defendants' sales and listing histories.

**B. Motion for Electronic Service of Process**

Plaintiff's Motion for Electronic Service of Process, (Dkt. 6), requests permission to electronically serve Defendants with a copy of the Complaint. Federal Rule of Civil Procedure 4(f)(3) permits a district court to order an alternate method for service to be effected upon foreign defendants, provided it is not prohibited by international agreement and is reasonably calculated to give notice to the defendants. *Nagravision SA v. Gotech Int'l Tech. Ltd.*, 882 F.3d 494, 498 (5th Cir. 2018). Constitutional due process requires only that service of process provide notice "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950); *In re Kendavis Holding Co.*, 249 F.3d 383, 386 (5th Cir. 2001).

A party seeking authorization for alternate service under Rule 4(f)(3) need not attempt service by the methods enumerated under subsections (f)(1) and (f)(2) before petitioning the Court for 4(f)(3) relief. *See Terrestrial Comms LLC v. NEC Corp.*, No. 6:19-CV-00597-ADA, 2020 WL 3270832, at *3 (W.D. Tex. June 17, 2020); *Affinity Labs of Tex., LLC v. Nissan N. Am. Inc.*, No. WA:13-CV-369, 2014 WL 11342502, at *1 (W.D. Tex. July 2, 2014). The decision to accept or deny service by alternate means pursuant to Rule 4(f)(3) falls soundly within the discretion of the district court. *WSOU Invs. LLC v. OnePlus Tech. (Shenzhen) Co.*, No. 6-20-CV-00952-ADA, 2021 WL 2870679, at *3 (W.D. Tex. July 8, 2021); *Buffer v. Grupo Radio Centro, S.A.B. de C.V.*, No. EP-10-CV-364-DB, 2011 WL 13238336, at *1–2 (W.D. Tex. Mar. 3, 2011).

Defendants, as e-commerce stores, communicate with their customers through e-mail addresses or other forms of electronic communications, rather than by mail or in person. (Ouyang Decl., Dkt. 6-2, at 1–2). Service by electronic means is therefore the most likely means of communication to reach Defendants. *See Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1017 (9th Cir. 2002) ("Considering the facts presented by this case, we conclude not only that service of process by email was proper—that is, reasonably calculated to apprise [Defendants] of the pendency

of the action and afford it an opportunity to respond—but in this case, it was the method of service most likely to reach [Defendants].”). Thus, service of process via electronic messaging is reasonably calculated to apprise Defendants of the pendency of this action, whereas traditional service of process methods would be unlikely to provide Defendants with prompt notice.[1] The Court will therefore grant Plaintiff's Motion and exercise its discretion to allow service on Defendants through electronic means.

Accordingly, **IT IS ORDERED** that Plaintiff's Ex Parte TRO Motion, (Sealed Dkt. 7), is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Alternative Service, (Dkt. 6), is **GRANTED** as follows. Plaintiff is authorized to effect service of process on Defendants by sending an email containing a link to a Dropbox shared folder to which the Complaint and any other relevant pleadings or orders in this action have been uploaded, to the email addresses associated with each Defendants' e-commerce storefront(s) and any email addresses provided by Defendants to third-party service providers.

**IT IS FURTHER ORDERED** that service effectuated by the means authorized herein shall be deemed sufficient service of process under Federal Rule of Civil Procedure 4(f)(3) and shall have the same force and effect as service accomplished by any other means authorized under the Federal Rules of Civil Procedure.

[1] The Hague Convention does not apply “where the address of the person to be served with the document is not known.” *See* Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Art. 1, https://assets.hcch.net/docs/f4520725-8cbd-4c71-b402-5aae1994d14c.pdf. Plaintiff's attorney attests that valid or verifiable physical addresses are not available. (Ouyang Decl., Dkt. 6-2, at 2).

**IT IS FURTHER ORDERED** that Plaintiff shall file proof of such alternative service with this Court within **fourteen days** of completing service.

**SIGNED** on July 28, 2026.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE